HENRIETTA A. CASWELL *et al. vs* LILLIAN M. BATHRICK *et al.*

FEBRUARY 13, 1933.

PRESENT: Stearns, C. J., Rathbun, Sweeney, Murdock, and Hahn, JJ.

RATHBUN, J. By this bill in equity the complainants, who are legatees under the will of Marie P. Desrosiers, are asking to have respondent Lillian Bathrick and her husband

Warren C. Bathrick decreed to hold in trust, for the benefit of legatees and creditors of the estate of said Marie Desrosiers, certain funds, representing deposits in savings banks, received from her by said Lillian Bathrick. Lillian and complainant Henrietta Caswell are sisters, daughters of Mrs. Desrosiers. The other complainant is a son of Henrietta. Lillian and her husband, who are executors of the will of Mrs. Desrosiers, contend that the bank books were given to Lillian by her mother before she deceased. After a full hearing on bill, answer and proof the trial justice entered a decree declaring that the funds in question are held by the respondents as constructive trustees for the benefit of the creditors and legatees of the estate of Marie P. Desrosiers. Said decree also directed the respondents to pay to said executors the sum of $10,156 with interest, and ordered said respondents as executors to file an amended inventory showing the possession of the funds in their hands and possession as such executors. The cause is before us on the respondents' appeal from said decree.

On January 1, 1920, the date of her will, testatrix was a widow, in advanced years, living in Northbridge, Massachusetts. She had two daughters, Lillian M. Bathrick and Henrietta A. Caswell, and a grandson, Henry C. Caswell, only son of Henrietta A. Caswell, who had been brought up by the testatrix. By said will she bequeathed to Henry C. Caswell $1,000, to Henrietta A. Caswell $3,000, to Lillian M. Bathrick $3,000, and made the latter residuary legatee. Lillian and her husband were named executors. Around the latter part of May, 1920, the testatrix, being in feeble health, moved to the home of her daughter Lillian in Pawtucket, Rhode Island, where she remained until her death. On May 18, 1920, the testatrix sold all her real estate, which was situated in Northbridge. She received the net amount of the purchase price, after the payment of a mortgage thereon, in two checks, one for $7,000, the other for $2,033.30. On May 20, 1920, the testatrix opened an account in the Pawtucket Institution for Savings by depositing the latter

check and $400 in cash. On June 1, 1920, the check for $7,000, indorsed by testatrix and Lillian M. Bathrick, was presented to the same bank and an account for $3,500 was opened in their joint names, payable to either or to the survivor. On the same day the other half of the proceeds of of the check for $7,000 was deposited in the Slater Trust Co. by the opening of an account in the names of the testatrix and Lillian M. Bathrick, payable to either or to the survivor. At this time the testatrix had an account of $700 in the Bay State Savings Bank in Worcester and another account in the Worcester County Institution for Savings.

Thereafter from time to time various small sums—the largest being $200—were drawn from the various accounts. Some of the withdrawals were made by the testatrix and several by Lillian. As to a number of withdrawals it is impossible to ascertain which of them drew the money.

On June 1, 1922, Lillian presented to the Pawtucket Institution for Savings an order directing that institution to pay testatrix's account in that bank to Lillian and to deliver to her a Liberty Bond for $50 which testatrix had left with that institution for safe keeping. On said date the order was honored and Lillian received from the bank the bond and $2,495.17, which sum together with the bond were at once redeposited in the same bank in Lillian's name. On June 1, 1922, Lillian presented to the Worcester County Institution for Savings an order signed by testatrix directing that bank to pay to Lillian $100. On the said order in Lillian's handwriting are written the words "and add her name on my book." Lillian received the money, presented a similar order to the Bay State Savings Bank and withdrew another $100. On June 2, 1922, a safe deposit box in the Slater Trust Co. was rented in the names of Lillian M. Bathrick and Warren C. Bathrick. This box was retained until June 4, 1924, at which time it was given up. On August 22, 1922, Lillian withdrew from the account in the Pawtucket Institution for Savings standing in the name of herself and testatrix the sum of $500. On the same day the sum of $460 was

deposited in the account then in the names of Lillian and the testatrix in the Slater Trust Co. On September 26, 1922, Lillian withdrew the account in the Slater Trust Co. standing in the name of herself and the testatrix. The balance at that time was $4,006.09. On the same day an account in the names of Lillian M. Bathrick and Warren C. Bathrick, her husband, was opened in the same bank with a deposit of $4,006.09. On the same day Lillian withdrew in cash from the account in the Pawtucket Institution for Savings then standing in the name of Mrs. Desrosiers and Lillian the balance which at that time was $2,099.12. On the same date there was deposited in the new account in the Slater Bank the sum of $2,949 in cash. On November 21, 1922, a withdrawal of $45 was made by Lillian from the account in the Pawtucket Institution for Savings then standing in the name of Lillian, which account was formerly in the names of herself and Mrs. Desrosiers. On the same day the balance of $2,501.13 was withdrawn by Lillian from this account. On the same day an account in the Pawtucket Institution for Savings was opened in the names of Lillian and Warren C. Bathrick with the initial deposit of $2,501.13. On December 20, 1922, and January 19, 1923, the sums of $40 and $50 respectively were drawn from this account. On March 2, 1923, Lillian drew $473.09 from the Bay State Savings Bank in Worcester and $300 from the Worcester County Institution. On March 6, 1923, $723.09 was deposited in the account in the Slater Trust Co., standing in the names of Lillian and her husband.

On March 12, 1923, testatrix deceased, and on March 21, 1923, a petition was filed by Henrietta A. Caswell in the Probate Court of the City of Pawtucket seeking the appointment of a custodian of the estate of the testatrix. Lester Walling, Esq., qualified the following day and furnished bond in the sum of $15,000. On March 21 there was filed also in said court and continued a petition for the appointment of an administrator of the estate of the testatrix. On March 22, 1923, notice was given to Lillian of the appoint-

ment of Mr. Walling as custodian and notice was given to her to produce the will of the testatrix.

On March 22, 1923, an order was signed by Lillian directing the Worcester County Institution for Savings to pay to the Slater Trust Co. the balance of the account standing in the names of testatrix and Lillian. On March 23, 1923, the Worcester County Institution for Savings sent its check in the sum of $240.96 to the Slater Bank. On March 23, 1923, the sum of $2,360.41 was withdrawn from the account in the names of Lillian and her husband in the Pawtucket Institution for Savings, leaving therein a balance of $1 and the Liberty Bond. On the same date the balance of the account in the names of Lillian and her husband in the Slater Trust Co., being in the sum of $7,796.09, was withdrawn in cash by receipt signed by Lillian and her husband.

On April 14, 1923, Lillian filed in the Probate Court for the City of Pawtucket a petition for the probate of the will of Marie P. Desrosiers, stating therein that the amount of the personal estate was "unknown." The will was allowed on May 2, 1923. The executors named therein—Warren C. Bathrick and Lillian M. Bathrick—filed a bond in the sum of $2,500. By the will, dated January 1, 1920, testatrix made bequests as above set forth totalling $7,000 and gave the residue to Lillian M. Bathrick who, together with her husband, was named executor.

On September 19, 1923, an inventory was filed showing total assets of $1,255.81, as follows: cash, $940.81; furniture, $50; coat, $5; watch, $10; note of Lord, $250. Attached to the inventory was an affidavit of the executors that the above comprised all the personal estate of the testatrix. The hearing on the allowance of the inventory was continued to October 17, when it was continued *nisi*. The inventory has never been accepted or approved by the probate court.

On October 3, 1923, there was filed in said probate court a petition for a citation to Lillian M. Bathrick and Warren C. Bathrick to be examined under oath relative to the assets of said estate. On seven different days between November

28, 1923, and April 23, 1924, the respondents were examined before said court. They have filed no account and have paid no legacies.

The respondents contend that the funds in question represent valid gifts to Lillian M. Bathrick from testatrix; that the complainants were guilty of laches; that the trial justice's decision, upon which the decree was based, was made from evidence a portion of which was inadmissible, and that the bill should have been dismissed for failure to prove the fraud alleged

Mere delay in commencing action does not constitute laches, but only such unreasonable delay after knowledge of the fraud as works a disadvantage to the respondent as by death of witnesses or loss of evidence. See *Chase* v. *Chase*, 20 R. I. 202; *Stephens* v. *Dubois*, 31 R. I. 138; *Bright* v. *Wilcox*, 42 R. I. 404. We think that the decision of the trial justice that the bill was not barred by laches was correct. Said justice was apparently of the opinion that the persons who, by reason of death or otherwise, were unavailable as witnesses for the respondents could not, if present, have given testimony which would have changed the result. In his rescript said justice said: "the Court is convinced that no additional testimony could have helped the respondent Lillian M. Bathrick after her pitiable exhibition on the witness stand."

Respondents contend that testimony as to statements of the testatrix was inadmissible for the reason that what the testatrix said was long after the transaction was completed, was not made in the presence of Lillian and constituted self-serving declarations. The objection would have much force except for P. L. 1927, Chap. 1048, Sec. 1, which amends G. L. 1923, Chap. 342, as follows: "Sec. 57. A declaration of a deceased person shall not be inadmissible in evidence as hearsay if the court finds that it was made in good faith before the commencement of the action and upon the personal knowledge of the declarant."

Respondents cite *Pappathanos* v. *Coakley*, 161 N. E. (Mass.) 804. This case merely holds that if the deceased person, if present as a witness, would not be permitted to make the same statements in giving testimony, such statements are not admissible by reason of the statute. Had Mrs. Desrosiers been present, she could have testified in conformity to her alleged statements. As she had deceased, the statements are admissible by reason of the statute.

Although said justice did not specifically state that Lillian fraudulently obtained the funds, the clear inference is that he did so find. In his rescript he stated as follows: "Henrietta A. Caswell offered testimony for complainants, also her son Henry C. Caswell, his wife Myrtle, a Mrs. Moore, and others, but the most effective testimony on behalf of the complainants was given by the respondent Mrs. Bathrick herself. Her conduct while on the witness stand was a palpable effort to conceal, evade or forget the facts in the case. She contradicted herself many times and admitted that her testimony given in this case varied materially from the testimony she gave before the Probate Court in Pawtucket."

We have carefully read the record and are of the opinion that the decision and the decree based thereon are supported by the evidence.

The appeal is denied and dismissed. The decree appealed from is affirmed and the cause is remanded to the Superior Court for further proceedings.

*McGovern & Slattery, Edward Goldberger, Julius Ousley*, for complainants.

*Knauer & Fowler*, for respondents.